UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON,<br>　　　　　Plaintiff(s),<br>vs.<br>ENHANCED RECOVERY COMPANY, LLC,<br>　　　　　Defendant(s). | Case No. 2:16-cv-00359-GMN-NJK<br><br>ORDER<br><br>(Docket No. 27) |

　　"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006). A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

Pending before the Court is Defendant's motion to extend the discovery cutoff and subsequent deadlines. Docket No. 27. That motion indicates that, notwithstanding that the discovery cutoff is August 24, 2016, Defendant has conducted **no discovery of any kind to date**. *See id.* at 1-2.[1] Instead, it appears Defendant made a decision not to conduct discovery during the period already allotted because Defendant believes it is more efficient to conduct discovery after resolution of its motion to strike the amended complaint. *See id.* at 2. The case law in this District could not be clearer: even the filing of a fully dispositive motion,[2] standing alone, does not automatically stay discovery. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (Koppe, J.); *Ministerio Roca Solida v. U.S. Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (Ferenbach, J.); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01 (D. Nev. 2011) (Leen, J.); *see also Emhof v. Nationstar Mortgage LLC*, 2016 WL 3625548, *1 (D. Nev. July 6, 2016) (Foley, J.); *Klaizner v. Ditech Financial LLC*, 2016 WL 3176579, *1 (D. Nev. June 2, 2016) (Hoffman, J.); *Martinez v. MXI Corp.*, 2015 WL 8328275, *3 (D. Nev. Dec. 8, 2015) (Cooke, J.); *Money v. Banner Health*, 2012 WL 1190858, *4 (D. Nev. Apr. 9, 2012) (Cobb, J.). Indeed, that has been settled law in this District for decades. *See, e.g.*, *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery").

The Court hereby **SETS** a hearing on this motion for 9:30 a.m. on September 7, 2016, in Courtroom 3D. Defendant shall be prepared to explain how the relief sought can be granted in light of the above.

IT IS SO ORDERED.

DATED: August 25, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The motion was filed initially the day before expiration of the discovery cutoff, August 23, 2016. *See* Docket No. 25.

[2] To be clear, the pending motion does not appear potentially dispositive of this case, as Defendant characterizes its resolution as impacting only the scope of discovery. *See, e.g.*, Docket No. 27 at 2.