# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERVIN MIDDLETON, | Case No. 2:16-cv-00359-GMN-NJK |
| Plaintiff(s), | |
| vs. | ORDER |
| ENHANCED RECOVERY COMPANY, LLC, | (Docket No. 27) |
| Defendant(s). | |

Pending before the Court is Defendant's motion to extend the discovery cutoff and subsequent deadlines. Docket No. 27. The Court held a hearing on that motion on September 7, 2016, at which Plaintiff opposed the motion. *See* Docket No. 29; Hearing Rec. (9/7/2016) at 9:44 a.m. As stated at the hearing, the motion to extend is **DENIED**.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). A request to extend deadlines in the scheduling order must be supported by a showing of "good cause" for the extension. *See* Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The movant bears the burden of establishing good cause for the extension sought. *See, e.g.*, *Werbicky v. Green Tree Serv'g., LLC*, 2014 WL 5470466, *2 (D. Nev. Oct. 27, 2014).

A showing of diligence is absent here. To the contrary, the pending motion indicates that, notwithstanding the discovery cutoff of August 24, 2016, Defendant has conducted **no discovery of any kind**. *See* Docket No. 27 at 1-2.[1] Instead, Defendant made a strategic decision not to conduct discovery during the period already allotted because Defendant believes it is more efficient to conduct discovery after resolution of its motion to strike the amended complaint. *See id.* at 2. The law in this District could not be clearer on this issue as every active magistrate judge has held that even the filing of a fully dispositive motion,[2] standing alone, does not automatically obviate the parties' obligation to move forward with discovery. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (Koppe, J.); *Ministerio Roca Solida v. U.S. Fish & Wildlife*, 288 F.R.D. 500, 502 (D. Nev. 2013) (Ferenbach, J.); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600-01 (D. Nev. 2011) (Leen, J.); *see also Emhof v. Nationstar Mortgage LLC*, 2016 WL 3625548, *1 (D. Nev. July 6, 2016) (Foley, J.); *Klaizner v. Ditech Financial LLC*, 2016 WL 3176579, *1 (D. Nev. June 2, 2016) (Hoffman, J.); *Martinez v. MXI Corp.*, 2015 WL 8328275, *3 (D. Nev. Dec. 8, 2015) (Cooke, J.); *Money v. Banner Health*, 2012 WL

---

[1] The motion was filed initially the day before the expiration of the discovery cutoff, August 23, 2016. *See* Docket No. 25.

[2] To be clear, the pending motion does not appear potentially dispositive of this case, as Defendant characterizes its resolution as impacting only the scope of discovery. *See, e.g.*, Docket No. 27 at 2.

1190858, *4 (D. Nev. Apr. 9, 2012) (Cobb, J.). Indeed, that has been settled law in this District for decades. *See, e.g.*, *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Notwithstanding this well-settled proposition, Defendant conducted no discovery of any kind and, on the eve of the discovery cutoff, sought to extend discovery on the sole ground that a motion to strike is pending, the resolution of which may impact the scope of discovery. When asked at the hearing what legal authority would allow a finding of diligence in these circumstances, Defendant's counsel responded that he has no legal authority. Hearing Rec. (9/7/2016) at 9:43 a.m. Defendant's decision to conduct no discovery is antithetical to the required showing of diligence, and that lack of diligence is fatal to the pending motion.

Moreover, Plaintiff argues that granting the motion to extend will prejudice him by unfairly delaying this case. *See* Hearing Rec. (9/7/2016) at 9:44 a.m.[3] Although a finding of prejudice is not required to find a requested modification of the scheduling order to be improper, it may supply additional reasons to deny the motion. *See, e.g.*, *Johnson*, 975 F.2d at 609. The Court agrees with Plaintiff that prejudice would result from granting the motion and this further militates against Defendant's motion. *Cf. Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (reopening discovery and delaying proceedings supports a finding of prejudice).

IT IS SO ORDERED.

DATED: September 7, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[3] The Court construes the arguments of *pro se* parties liberally. *See, e.g.*, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).